UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 16**<br><br>*Upcoming Case Management Conferences:*<br>August 9, 2024 at 8:30 a.m.<br>September 13, 2024 at 9:00 a.m.<br>October 25, 2024 at 9:00 a.m.<br>November 22, 2024 at 9:00 a.m.<br>December 10, 2024 at 9:00 a.m. |
| This Document Relates to:<br>All Actions | |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on July 12, 2024. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.    MARK ZUCKERBERG'S MOTION TO DISMISS**

The Court heard argument on defendant Mark Zuckerberg's motion to dismiss certain personal injury plaintiffs' corporate-officer liability claims. (Dkt. No. 833.) The motion was taken under submission and a separate order will issue.

**II.   MOTIONS TO AMEND SHORT-FORM COMPLAINTS**

Plaintiffs in fourteen personal injury cases have moved for leave to amend to add YouTube and Google as defendants. (Dkt. No. 987 at 4.) Defendants Google and YouTube have opposed amendment in seven of those cases, three of which are in the bellwether discovery pool: *Clevenger* (No. 22-cv-6457), *Craig* (No. 22-cv-5890), *Melton* (No. 22-cv-6627), *Copelton* (No. 22-cv-6165), *Murden* (No. 22-cv-5889), *Naber* (No. 22-cv-6832), and *Smith* (No. 22-cv-6138).[1] The Court heard argument on the motions at the case management conference.

Each of these seven plaintiffs commenced their case in 2022, and each filed their short-

---

[1] The plaintiff in each case filed an amended motion for leave to amend which included non-substantive changes to their original motion. The Court considers the amended motion identical to the original for purposes of the analysis below.

form complaints ("SFCs") on April 4, 2023, none of which named Google or YouTube as a defendant. As part of the submission process for plaintiff fact sheets ("PFSs"), which were initially due on April 1, 2024,[2] plaintiffs reversed course and alleged YouTube usage in their respective PFSs or amended PFSs. Plaintiffs correspondingly sought to amend their SFCs to align with these new allegations by adding Google and YouTube as defendants.

Google and YouTube opposed.[3] They argued that, in general, these plaintiffs have unduly delayed in seeking amendment and that, in particular, certain of the seven plaintiffs have conceded liability, rendering amendment futile. As to the latter, Google and YouTube pointed to the PFS YouTube Appendix for each of the *Coppleton*, *Melton*, and *Murden* plaintiffs. Under Section A of the YouTube Appendix, each plaintiff has responded "No" to whether they contend that each listed YouTube feature contributed to their injuries.

As to the three bellwether plaintiffs who seek leave to add Google and YouTube as defendants—*Clevenger*, *Craig*, and *Melton*—Google and YouTube argued that amendment skews the bellwether discovery pool to overrepresent cases alleging YouTube usage, undermining the bellwether process and the representativeness of the discovery pool.

Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). While futile amendments should not be permitted, courts have permitted amendment over contentions of undue delay and prejudice while discovery is ongoing. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("no basis for any claim of prejudice relating to the proposed fourth amended complaint" because "this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled," and "there is no evidence that [defendant] would be prejudiced by the timing of the proposed amendment").

For the non-bellwether plaintiffs, the Court will permit amendment to add Google and

---

[2] The Court permitted an extension until May 8, 2024, for the plaintiffs in 45 cases who had not timely filed their PFSs by the April 1, 2024 deadline. *See* Dkt. No. 748; Dkt. No. 883, Case Management Order No. 14 at 2.

[3] As plaintiffs emphasize, none of the other defendants has opposed amendment.

2

YouTube as defendants. The Court is not persuaded by the defendants' claims of undue delay, because while these cases were commenced in 2022, the PFSs were only due in April of this year, and plaintiffs continue to file new cases every week. As to prejudice and futility, discovery serves to unearth these sorts of purported factual inconsistencies which a party can use in support of future dispositive motion practice and at trial.[4] Plaintiffs' motions for leave to amend are **GRANTED** in *Copelton* (No. 22-cv-6165), *Murden* (No. 22-cv-5889), *Naber* (No. 22-cv-6832), and *Smith* (No. 22-cv-6138).

For the bellwether plaintiffs, the court will not permit amendment to add Google and YouTube as defendants for the purposes of the bellwether pool. During bellwether selection the parties submitted that YouTube usage was alleged in 16% of personal injury cases, and the current slate of bellwethers matches that proportion (2/12). The addition of three more cases alleging YouTube usage would render YouTube named in 42% (5/12) of personal injury bellwether cases. The Court wishes to preserve the representativeness of the bellwether pool and so declines to permit alteration of the balance of claims against each defendant. Plaintiffs' motions for leave to amend are **DENIED** in *Clevenger* (No. 22-cv-6457), *Craig* (No. 22-cv-5890), and *Melton* (No. 22-cv-6627).

However, for the same reasons as with the non-bellwether plaintiffs, the Court does not consider the new allegations against Google and YouTube in *Clevenger*, *Craig*, and *Melton* otherwise prejudicial. The Court thus **HOLDS** that the plaintiffs in *Clevenger*, *Craig*, and *Melton* are each permitted to file separate complaints against Google and YouTube, provided that the plaintiffs maintain they have a basis for filing suit.

**III.    PROTOCOL FOR WITHDRAWAL OF COUNSEL**

Personal injury plaintiffs have notified the Court and defendants that counsel for at least 20

---

[4] Because defendants provided only an excerpt of an appendix detailing additional specific allegations with respect to YouTube, the Court is not in a position to determine whether and to what extent any plaintiff's submissions in the YouTube Appendix are in fact inconsistent with allegations of harm made in the PFS. While even with this limited visibility the Court agrees that defendants' position has some merit, the Court declines to hold at this stage that plaintiffs' proposed amendments are futile as a matter of law under Rule 15.

3

1   personal injury plaintiffs have been unable to make contact with their clients.  (Dkt. No. 987, Joint
2   Statement for July 12, 2024 Case Management Conference at 4.)  The parties agree that where a
3   plaintiff is unresponsive, counsel should be permitted to withdraw and the plaintiff's claims
4   should be dismissed for a failure to prosecute under Rule 41(b).  The parties have proposed a
5   protocol for handling such withdrawal (*id.* at 5–8) and will file a proposed form of order for the
6   Court's review.  The parties are reminded that the Court noted it would likely not entertain
7   motions to dismiss claims with prejudice if the basis is a failure to prosecute.

### IV. PERSONAL INJURY LOSS OF CONSORTIUM CLAIMS

At the June case management conference, plaintiffs agreed to review the law of certain states which defendants argue do not permit a loss of consortium claim for filial consortium.  At the July case management conference, plaintiffs indicated they are willing to stipulate to the fact that many states do not permit a loss of consortium claim for filial consortium but maintain that plaintiffs' claims for medical expenses and loss of services remain viable.

Defendants argued that plaintiffs cannot seek damages under a cause of action which a state does not recognize.  The Court agrees.  If a state does not recognize loss of consortium claims for filial consortium at all, then plaintiffs cannot recover under that theory regardless of the kind of damages sought.  If a state recognizes loss of consortium claims for filial consortium for the limited purpose of recovery of medical expenses or loss of services, then plaintiffs could maintain that cause of action, but that does not appear to be plaintiffs' position.

Plaintiffs have until August 2, 2024 to file a further clarification of their position or an agreement of the parties for discussion at the next case management conference.

### V. MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Defendants Snap, Google, and YouTube seek leave to file supplemental authority. (Dkt. Nos. 990, 991.)  The motions are granted.

## VI. BELLWETHER DISCOVERY POOL

For the Court's and parties' records, the bellwether discovery pool is memorialized below:

| Name | Case No. |
|---|---|
| **Personal Injury Cases—Plaintiffs' Selections** | |
| Jessica D'Orazio and Christine D'Orazio | 23-cv-03751 |
| Maria Elena Rodriguez individually and on behalf of M.G. | 24-cv-01983 |
| N.K. on behalf of S.K. | 23-cv-01584 |
| M.M. on behalf of B.M. | 23-cv-01615 |
| Nuala Mullen and Elizabeth Mullen | 23-cv-00600 |
| Leslie Smith and Jessica Smith | 23-cv-05632 |
| **Personal Injury Cases—Defendants' Selections** | |
| Laurel Clevenger | 22-cv-06457 |
| Klinten Craig[5] | 22-cv-05890 |
| Lorine Hawthorne individually and on behalf of B.H. | 22-cv-06751 |
| Dymand McNeal[5] | 23-cv-01092 |
| David Melton[6] | 22-cv-06627 |
| B.S. on behalf of J.D.[7] | 22-cv-05987 |
| **School District Cases—Plaintiffs' Selections** | |
| Tuscon Unified School District (AZ) | 24-cv-01382 |
| The School Board of Hillsborough County (FL) | 24-cv-01573 |
| Board of Education of Harford County (MD) | 23-cv-03065 |
| School District of the Chathams (NJ) | 23-cv-01466 |
| Charleston County School District (SC) | 23-cv-04659 |
| Board of Education of Jordan School District (UT) | 24-cv-01377 |
| **School District Cases—Defendants' Selections** | |
| The Baltimore City Board of School Commissioners (MD)[5] | 23-cv-04064 |
| Breathitt County School District (KY) | 23-cv-01804 |
| Dekalb County School District (GA)[5] | 23-cv-05733 |
| Irvington Public Schools (NJ) | 23-cv-01467 |
| St. Charles Parish Public Schools (LA) | 24-cv-01098 |
| Spartanburg 6 School District (SC) | 24-cv-00106 |

---

[5] The plaintiff has asserted a *Lexecon* objection.

[6] Replacement personal injury bellwether selection from defendants, following the voluntary withdrawals of Case Nos. 22-cv-06495 and 22-cv-06423. (*See* Dkt. Nos. 836-1, 900-1.)

[7] Replacement personal injury bellwether selection from defendants.

## VII. SCHEDULING

The Court **SETS** further case management conferences for September 13, 2024, October 25, 2024, November 22, 2024, and December 10, 2024, each at 9:00 a.m.

The Court **SETS** argument on Meta's motion to dismiss the Florida Attorney General Amended Complaint (No. 22-md-3047, Dkt. No. 950; No. 23-cv-05885, Dkt. No. 30) for September 13, 2024.

This terminates Dkt. Nos. 990 and 991 in No. 22-md-3047; Dkt. Nos. 35 and 36 in No. 22-cv-6457; Dkt. Nos. 37 and 38 in No. 22-cv-5890; Dkt. Nos. 22 and 23 in No. 22-cv-6627; Dkt. Nos. 23 and 24 in No. 22-cv-6165; Dkt. Nos. 44 and 45 in No. 22-cv-5889; Dkt. Nos. 20 and 21 in No. 22-cv-6832; and Dkt. Nos. 20 and 21 in No. 22-cv-6138.

**IT IS SO ORDERED.**

Dated: July 16, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**